UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CATHERINE SZELEPSKI,

    Plaintiff,

v.                                                                                  Case No: 8:18-cv-109-T-JSS

WAL-MART STORES EAST, LP,

    Defendant.
_____/

## **ORDER**

THIS MATTER is before the Court on Defendant's Motion to Compel Response to Outstanding Discovery ("Motion"). (Dkt. 17.) Upon consideration and for the reasons explained below, the Motion is granted.

On October 17, 2017, Plaintiff filed her Amended Complaint in the Sixth Judicial Circuit in and for Pinellas County, Florida. (Dkt. 2.) On October 31, 2017, Defendant served Plaintiff with its Request to Produce, Medicare and Social Security Disability Request to Produce, Premises Liability Interrogatories, Medicare and Social Security Interrogatories, and Request for Admissions. (Dkt. 17.) Defendant subsequently removed this action to this Court. (Dkt. 1.) On April 23, 2018, after Plaintiff failed to respond to the discovery requests, Defendant filed its Motion. (Dkt. 17.) Plaintiff's response to the Motion was due May 7, 2018. When Plaintiff did not file a response by that date, the Court ordered Plaintiff to file a response on or before May 18, 2018, and advised Plaintiff that failure to respond would result in the Court considering the Motion unopposed. (Dkt. 18.) To date, Plaintiff has failed to file a response to the Motion.

A party is entitled to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). The term "relevant" in Rule 26 should encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4). The court has broad discretion in managing pretrial discovery matters and in deciding to compel. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

Here, despite the Court's Order directing Plaintiff to respond to the Motion by May 18, 2018, Plaintiff has failed to file a response. Consequently, the Court presumes Plaintiff has no objection to Defendant's Motion. *See* M.D. Fla. Local R. 3.01(b). Accordingly, it is

**ORDERED**:

1. Defendant's Motion to Compel Response to Outstanding Discovery (Dkt. 17) is **GRANTED**.

2. Plaintiff shall serve her discovery responses and produce all documents responsive to Defendant's discovery requests in accordance with this Order within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, on May 22, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record